To: MS. K. Cruz, Chief C of PR, MR. T. Noiani,
Federal (ADA) Monitor; J. Tipton, Director
RMW of Corrections, The Honorable Thelton
Henderson, Senior Federal Court Judge
John Hagar, Attorney, MR. David Morris (FBI)
                                                   NEW

From: MR. Eugene Hamilton, T-33081 A.O. Box
  CV  08        0167  INF 17 Lancaster CA 93539

Subject: Retaliatorially Discriminative Protracted
          Administrative Segregation (Ad-Seg)
          Confinement Which is devoid of any
          Therapeutic Benifit or Penological
          Justification.

        MS. Cruz
        On July 19, 2006 while imprisoned at
        Calipatria Prison myself and my
        cellmate Griffin were confined
        in Ad-Seg "Allegedly for Battery
        upon each other with my medically
        issued walking cane! Premised
        Allegedly upon the entire observations
        of the Reporting Employee!
        See Exhibit (A)

        However, all Absurd Reasoned Asserted
        Motivation Considered, The Alleged
        Co-Battery - Alleged Belated Victim
        Griffin was Released from Ad-Seg
        Approximately Three (3) week later
        was Paroled to Region Three (3)!

        On August 2, 2006 while confined
        in Ad-Seg at Calipatria I was
        issued a CDC-115 for Battery on
        Animate with a weapon (cane)

                        1.

(See Exhibit "B")

Upon being Provided The DISCiPLiNARY report by C/O K. Teeters. I was informed The Alleged offense was being Referred for Possible criminal Prosecution, Thus being lead To believe I'd been Provided All relevent DOCUMENTATion PeRTAiNing To To The Alleged offense I PostPoned The DISCiPLiNARY Proceeding Pending The outcome of The DISTRICT ATTorney Referral. <u>However what C/O Teeters RETaliaToriaNy Refused To Provide me was The incident RePorT.</u>

However on November 16, 2006 whilE HosPiTALiZed in The inFiRMARY AT CALiPATRiA C/O Teeters Provided The BELATE incident RePorT AVer Aloud: "HAMiLTON You've missed Nothing by me not Providing The incident RePorT To You LATE"

On JANUARY 22 2007 I SUbMiTTEd DiRECTLY To L.E. Scribner, WARden (A) while HosPiTALiZed in The inFiRMARY, <u>(where I was being RETaliaToriaLY MAlTREATEd Premised uPon MY (AdA) STATUS And numberous ComPLAINTS)</u> A COMPLAINT AGAINST The RePorTing EMPLoYee And The RATiFYing SeRgeanT C/O M. VITELA, S. RidledGe, SGT. PURSuANT To CALif Penal Codes 149, 118.1, 125, And 832.5 of which was RETaliaTorAily not Allowed by ACTing warden Scribner, Dovey, Director

2.

of Corrections, N. Grannis, Chief I/M Appeals, and Acting Chief I/M Appeals S. Emigle. (See Exhibit 'C').

On February _____ 2007 while Hospitalized I was provided to retaliatorally motivated Alleged District Attorney Referral dated: January 9, 2007, DA Rejection dated January 17, 2007 by the Security and Investigations Unit by mail!

On February 7, 2007 while Hospitalized in the Infirmary (being maltreated) C/O K. Teeters the supper of the incident Report confronted me & asserted Hed been Assigned as the I.E. for the Prison Disciplinary Proceedings.

However having no confidence in his Disciplinary employment Practices I objected to his Alleged Assignment Thereto in loud irate manner C/O Teeters Avered: "If you don't want me as the Than you ain't getting no damn bodie"!

Thus C/O Teeters Than falsified (His) I.E. Report Avering:
"On Wednesday, February 7, 2007, I introduced myself to I/M Hamilton T-33081, as having been Assigned as his Investigative employee I.E., I/M Hamilton expressed no objections, and Acknowledged receipt of all reports and

3.

/ or documents Pertaining to the case.

witnesses: I/m Hamilton did not request witnesses to be interviewed for Hamiltons investigative employee report"!

I/m statement: On February 7, 2007 the investigative employee informed I/m Hamilton that the District Attorney's office had rejected his case for Battery on I/m with weapon (cane). I/m Hamilton became very uncooperative and stated to me "get the fuck out of here" I than informed I/m Hamilton that I had been assigned as his investigative employee, and needed to have a list of witnesses and questions that he would like to ask to help him prepare for his hearing. I/m Hamilton then stated "I don't have anything to say to nobody, get the fuck outta here" I/m Hamilton made it very clear that he did not want to participate in the process"

Statement of I/m victim alleged Griffin v-91171: The investigative employee interviewed I/m Griffin and asked if he had a statement or anything to add and he said "I have no statement, nothing to say."!

REPORTING EMPLOYEES STATEMENT:

"On July 19, 2006 at approximately 08:59 hours while Performing my duties as Security and Investigations officer # 8, I, Along with S & I responded To A Personal Alarm in Housing unit B5, As Lituenant Stratton And I were Providing Security I observed The I/M's Assigned To cell B5-133 engaged in A cell Fight. I immediately ordered The building down. Both I/M's continued To Fight, as I Approached The cell I observed I/M Hamilton T-33081, B5-133L Striking I/M Griffin V-91171 B5-B with A cane To The upper Torso And facial Area. I observed I/M Hamilton Strike Griffin Approximately 4 To 5 Times. once There was enough officers To Provide Security LT. Stratton ordered The cell To be opened. I ordered both I/M To Get down with negative results, LT. Stratton And officer Duante Sprayed The I/M's with one continous burst utilizing Their State Issued MK-9 oleoresin Capsicum. At This Time both I/M's Complied And Got down in A Prone Position"

Requested witnesses: I/M Hamilton did not request witnesses for The Hearing: ↓

Reporting employee Requested: I/M Hamilton did not request That The reporting employee be Present for The Hearing

Investigative Employee Requested: I/M Hamilton did not request That The Investigative Employee be Present for The Hearing"

(See Exhibit 'B')

PLAINTIFF on February 10,2007 while Confined in The infirmary At CALIPATIA Prison was Summoned before R. Johnson, LT. Who upon introduction inquired was PLAINTIFF Ready To Proceed with The disciplinary Proceeding because he'd obtained Defendant Teeter's Report Avering PLAINTIFF was Ready To Proceed. Thereto PLAINTIFF enlightened LT. Johnson: "No PLAINTIFF wasn't prepared To Proceed with The Proceedings because PLAINTIFF objected To Defendant Teeter's Alleged Assig- Ment As The I.E., PLAINTIFF further Alleged The Submission of The FALSE I.E. Report by Defendant Teeter's Alleging PLAINTIFF was prepared To Proceed, because PLAINTIFF hAd no witnesses To be Questioned."

PLAINTIFF Thus Submitted To LT. Johnson he hAd SIX (6) witnesses To be CAlled And Propounded Questions To, Thus LT. Johnson Allowed The Postponement of The Proceedings Allowing PLAINTIFF To Submit Questions To The forementioned SIX (6) witnesses, However LT. Johnson Asserted:"He'd Peruse The Allowed Questions To discern if he'd Allow Them To be Propounded To The following witnesses"

1. The LATE MR. M.E. RUAN, LT.
2. MR. M. VITELA, REPORT EMPloyee
3. MR. L. STRATTON LT.
4. MR. R. DELGADO, ASSOCIATE WARDEN
5. I/M GRIFFIN V-91171
6. MR. E. HAMILTON T-33081


PLAINTiff ON February 22, 2007 While confined
in The INfirmary AT CAliPATIA PRison on
SUicide WATCH WAS Provided A FivE (5)
PAGE I.E. REPORT PREPAREd BY C/O Lee
from The WRITTEN QUESTIONS SUbmiTTED To
LT. R. JohNSON (See ExhibiT 'E')


PLAINTiff ON February 12, 2007 While confined
in The INfirmary AT CAliPATIA PRison Submitted
To DeferdANT SCRibner AN EmerGENCY complAint
AGAINST DefendANT TEETERS PURSUANT TO Pena.
codes 118.1, 125, 1971, 832.5 AlleGiNG The
Submission of A KNown fALSE RePORT, Also
ATTAched To The CompIAINT Per CDC APPElIATE
Procedure WAS All SUPPORTING documentation.


DefendANT Bell ON February 26, 2007 Alered
IN A memorANdum UPON RETURN of the
CompIAINT To PIAINTiff AT The SATf
(See ExhibiT 'F')

11. A LIMIT of one (1) CONTINUATION PAGE, front And bACK MAY be ATTAChed To The AppEAl To describe The Problem And Action requested in SECTIONS A And B of The CDC form 602, 3084.2 (A) (1), Remove unnecessARY DocumenTS And Resubmit

while The APPEllATE memorAndum wAS sent To PlAINTIFF AT SATF, PlAINTIFF did n't obtAIN The mAil UNTil LATE mArch AT LANCASTER Prison, ThereTo in obedience To The memorAndum PlAINTIFF Removed The SUPPORT-ING documents which consisted of The originAl (12) pAGE of Questions PROPOUNded TO PlAINTIFFS SIX (6) witnesses.

PlAINTIFF ON MAY 16 2007 AFTER hAVING Been PROVIded INdiGENT ENVElopes SUbmiTTEd one of SUCH ENVElopes Addressed To DEFENdANT Scribner CONTAINING The DEFENdANT TESTERS CoMPlAINT Addressed AS CONFIdENTIAl legAl mAil

PlAINTIFF ON MAY 25, 2007 SubmiTTEd for filing TO WARden HAWS A CoMPlAINT AGAINST ThE mAilroom AllEGING deniAl of PlAINTIFFS Access TO The COURTS by obstRUCTING PlAINTIFF from EXHAUSTING AdminiStRATIVE

Remedies, Thereto Defendant CAGAIAWAN AT A June 27, 2007 Interview denied He WAS ever responsible for sending ANY Confidential MAil To ANY DepARTMENTAl body, Defendant CAGAIAWAN'S decision WAS Ratified by Defendant DoTTAVIANO

PlAINTIff on July 8, 2007 DISSATIFiED with Defendants CAGAIAWAN And DoTTAVIANO'S willfully FALSE ASSERTIONS Requested A Second level WARDENS Review Thus PlAINTiff Avered: "the FIRST level response TAKEN by DefendANTS CAGAIAWAN Lives in THE Theater of the Absurd because CDC HAS IT'S own inter prison MAil System And Thus no AdditionAl POSTAGE would be incurred"

Defendant Curiel on July 20, 2007 Avered in A memorandum intented To Abridge PlAINTIFFS CONSTITUTIONAL RIGHTS:
" You've MAde inAppropriate STATEMENTS, Although the Choice of words selected in An of them-selves Are not Profanity, They were used in A manner in which, MAKES the STATEMENT inAppropriate. the STATEMENT WAS Added To The Appeal only To MAKE A degrading comment About STAFF, (the STATEMENT WAS not necess-Ary for the Processing of the Appeal) Remove The inAppropriate STATEMENT And

The Appeal will be screened based on its merits)

Plaintiff upon Perusal of Defendant Curiel's July 20, 2007 Memorandum in a moment of Appeasement inked out the word "Absurd" However because of Plaintiff's current Ad-Seg Status All Staples Are Removed from his Mail, Thus when Perusing Another Two (2) Abridgment Memorandums Authored by Defendant Curiel dated June 25, 2007 And July 5, 2007 Plaintiff inadvertently Added The July 20, Memorandum To the June 25, 07, July 5, 07 Memorandums, Thus Mr. Curiel in a Retaliatory Motivated Act Cancelled The Appeal Without Comment from Plaintiff. (See Exhibit "6")

Plaintiff Submits Defendant Teeters Willful Retaliatorally motivated Suppression of The Thirteen (13) Page Incident Report didn't Advance a Legitimate Penological Goal but was Imposed To And did Culminate in Harm where Plaintiff has been confined in Ad-Seg Thirteen (13) Months Premised upon Defendant Teeters Actions,

Plaintiff Submits Defendants Cagaiawan' Refusal To use The Prison inter Prison Mail System To Send The complaint AGAINST Defendant Teeters back To Defendant Scribner, and Defendant Dottaviano's Ratification of Such was Retaliatorally motivated, Thereto Defendant curiel's Cancelling The complaint was Retaliatorally motivated, where it was Premised upon The willful Abridgment of Plaintiffs First, Fifth, And Fourteenth Amendment constitutional Rights, Thereto These Defendants curiel, Cagaiawan, Dottaviano, HAws ACTIONS didn't Advance a legitimate Penological Goal, but was imposed To, And did cause Plaintiff harm By Protracting Plaintiffs Ad-seg confinement, And by Prohibiting Plaintiff from Proper Exhaustation of The Complaint AGAINST Defendant Teeters.

Submitted:

## CAUSE OF ACTION

PLAINTIFF ON APRIL 25, 2007 WHILE IMPRISONED AT LANCASTER PRISON APPEARED AT A CDCR-115 HEARING BEFORE DEFENDANT BELTRAY WHO REDUCED THE DISCIPLINARY PROCEEDINGS TO A FARCE AND SHAM, BY RETALIATORIAN IMPOSING A FINDING OF GUILT IN REFUSING TO TENDER PLAINTIFFS PLEA OR WITNESSES, THERETO PLAINTIFF AT THE BEGINNING OF THE PROCEEDINGS WHEN ASKED TO ENTER A PLEA TO THE CHARGES AVERED:

" MY PLEA AND STATEMENTS ARE CONTAINED IN THE I.E. REPORT"

THERETO DEFENDANT BELTRAY RESPONDED " I HAVEN'T PERUSED THE I.E. REPORT AND HAVE NO INTENTIONS OF DOING SO, THUS BECAUSE YOU ARE REFUSING TO ENTER A PLEA I'M FINDING YOU GUILTY SO YOU CAN GET THE HELL OUT OF HERE"

THUS DEFENDANT BELTRAY WITHOUT PROVIDING PLAINTIFF A CONSTITUTIONALLY SOUND DISCIPLINARY HEARING FOUND PLAINTIFF RETALIATORALLY GUILTY OF THE ALLEGED CHARGE, HOWEVER BECAUSE TIME CONSTRAINTS WEREN'T MET IN THE PROVIDING THE DISCIPLINARY HEARING NO TIME CREDITS COULD BE TAKEN (SEE EXHIBIT H)

ON THE RETALIATORIALLY ALLEGED CHARGE
OF BATTERY ON AN INMATE WITH A
WEAPON

PLAINTIFF PROPOUNDED THE FOLLOWING
QUESTIONS TO THE LATE MR. M.E. RUAN
CORRECTIONAL LIEUTENANT, THE PERSON
CHARGED WITH ORDERING PLAINTIFF AND
HIS CELLMATE CONFINED IN ADMINISTRATIVE
SEGREGATION ON JULY 19, 2006 AT CALIFORNIA
PRISON ALLEGEDLY FOR BATTERY UPON EACH
OTHER

Q. LT. RUAN ON JULY 19, 2006 AT APPROXIMATELY
8:59 A.M. WERE YOU PRESENT IN HOUSING
UNIT B5 SIR?

Q. LT. RUAN DID YOU OBSERVE AN ALLEGED
BATTERY BEING COMMITTED UPON I/M
HAMILTON T-23081 IN CELL B5-133 BY
I/M GRIFFIN V-91171, OR I/M HAMILTON
COMMITTING SAID UPON I/M GRIFFIN?

Q. LT. RUAN IS THERE A DIFFERENCE BETWEEN
AN INMATE INVOLVED IN AN OFFENSE
BEING CLASSIFIED AS THE VICTIM OR
SUSPECT OF A Ad-SEGABLE OFFENSE?

Q. LT. RUAN PREMISED UPON WHO'S OBSERVATIONS
WAS THE CDC-114D SEGREGATION ORDER
YOU INITIATED CHARGING MR. HAMILTON
AND MR. GRIFFIN WITH BATTERY UPON EACH
OTHER DID YOU CONFINE THESE INMATES
IN Ad-SEG.

13.

Q. LT. RUAN PURSUANT TO YOUR JULY 19, 2006 CDC-119D SEGREGATION ORDER YOU SEGREGATED I/M'S HAMILTON AND GRIFFIN FOR BATTERY UPON EACH OTHER WITH A WALKING CANE, HOW IS IT NOW POSSIBLE THAT ON AUGUST 2, 2006 I/M HAMILTON ALONE HAS been CHARGED AND ISSUED A CDC-115 FOR BATTERY ON I/M GRIFFIN?

Q. LT. RUAN WHAT did YOU order I/M GRIFFIN SEGREGATED IN ADMINISTRATIVE SEGREGATION FOR SIR?

END of QUESTIONS for THIS WITNESS.

NOTE: THE ASSIGNED I.E. AVERED: INMATE HAMILTON SUBMITTED QUESTIONS TO BE ASKED of LT. M.E. RUAN, THE I.E. WAS UNABLE TO ASK QUESTION of LT. RUAN HE IS deceased.

PLAINTIFF PROPOUNDED THE following QUESTIONS TO THE REPORTING EMPLOYEE of THE CDC-115 DISCIPLINARY REPORT DEFENDANT VITELA:

14.

(Q1) ON JULY 19, 2006 AT APPROXIMATELY
0:859 WHAT ALERTED YOUR ATTENTION
TO Cell B5-133?

(A1) AS I WAS Providing Security To
incident Log# CAI-FB5-06-07-023,
I observed TWO inmates in cell
133 STRIKING EACH other

(Q2.) CORRECTIONAl officer VITELA who Allegedly
MAde you Cognizant inmate HAMilTon
hAd been HIT WITH his WAlking CANE?

(A2) I observed inmATE HAMilTon STRIKING
inmATE Griffin WITH A CANE

(Q3) CORRECTIONAl officer VITELA if your
observATions conclusively AS ASSerTed
in your CDC-115 DISCIplinAry RepoRT
depict I/m HAMilTon AS committing
A BATTery upon I/m Griffin whY
Then Premised upon your initiAl
ACCounts To SegrATing LT. M.E. RuAn
were I/m HAMilTon And Griffin
PlACed in Ad-Seg for BATTery on
inmATE WITH A CANE weApon?

NOTE: LT. Johnson who Pre-screened
All of PlAintiff's ProPounded
QuesTions To The witnesses
Refused To Allow The AboVE
QuesTion AS mAny others
NoT To bE Answered.

15.

(A3) Question not Asked. STAFF will NOT ANSwer for Another STAFF !

(Q4) Correctional officer VITELA Segregating LT. M.E. RWAN did n't observe This Alleged battery with you did he At cell B5-133 ?

(A4) Question not Asked, STAFF will not Answer for Another STAFF !

(Q5) Correctional officer VITELA upon responding to the initial Personal Alarm in Housing unit B5 concerning The interracial dayroom Fight Between I/m SMITH And williams How many inmates were Proned out on the ground ?

(A5) Question not Asked, Does not Pertain To This RVR !

(Q6.) Correctional officer VITELA when you Allegedly observed The Alleged cell fight where were you STATioned in reference To cell B5-133 And cell B5-148 where The dayroom Fight occurred ?

(A6) I was Providing security (STANding) in front of The 'c' Lower shower, facing The MAIN dayroom. I HAd A clear observation into cell B5-133 !

16.

(Q7) Correctional officer VITELA HAVE YOU or your SECURITY UNIT INVESTIGATED I/m GRIFFIN V-91171 AS being THE victim or suspect in any other Alleged Incidents since his Arrival AT CALIPATRIA STATE Prison?

(A7) Question NOT ASKED. Does not Pertain To This RVR!

(Q8) Correctional officer VITELA WAS THE dim light operational in cell B5-123 during The Alleged Battery?

(A8) I DON'T KNOW!

(Q9) Correctional officer VITELA Approximately How MANY correctional Personel responded To The initial Personal Alarm of An Interracial Fight AT Building B5?

(A9) Question NOT ASKED. Does not Pertain To This RVR!

(Q10.) Correctional officer VITELA Are You ~~provided~~ Provided Per your STATE ISSUED EQUIPTMENT MK-9 oleccesia CAPSICUM PEPPER SPRAY or ANY Other Pepper SPRAY?

(A10) Question NOT ASKED. Does not Pertain TO This RVR!

(Q11) Correctional Officer Vitela are there holes in the cell doors that would allow you at your well to utilize your pepper spray to cease a cell fight or to prevent serious injury to another?

(A11) Does not apply to me!

(Q12.) Correctional Officer Vitela at any time during the alleged fist fight that you allowed to turn an alleged battery per your report, did you use your State issued Capsicum pepper spray to cease the confrontation from progressing?

(A12.) Please clarify this question

(Q13.) Correctional Officer Vitela if you answered "no" to the above question why not?

(A13.) Did not understand the first question!

(Q14) Correctional Officer Vitela per your alleged observations of I/M Hamilton and Griffin involved in a cell fight were both inmates issued CDC-115 rule violation ~~by you~~ by you or any other personal for the same?

(A14) Question not answer. Did not pertain to RVR!

18.

(Q15) CORRECTIONAL OFFICER VITELA IF NO
MADE YOU COGNIZANT I/M HAMILTON
HAD been Allegedly BATTERED with his
WALKING CANE Why did you PRESENT
THAT ALLEGATION TO LT. M.E. RUAN,
for whice RUAN'S CDC-1190 SEGREGATION
of INMATE HAMILTON WAS PREMISED?

(A15) I observed INMATE HAMILTON STRIKE
INMATE GRIFFIN WITH A WALKING CANE!

(Q16) CORRECTIONAL OFFICER VITELA did you And
LT. STRATTON ARRIVE AT CELL B5-133 AT
THE SAME TIME?

(A16) Yes!

(Q17) CORRECTIONAL OFFICER VITELA ISN'T IT
TRUE PER YOUR REPORT THAT both I/M's
were SPRAYED with oleccesin CAPSICUM
PEPPER SPRAY before or during Removal
from THE cell?

(A17) Yes!

(Q18) CORRECTIONAL OFFICER VITELA WAS THE REAR
cell window coverED during THE
AllEGED bATTERY THAT YOU'VE bEARED
WITNESS TO?

(A18) Yes!

19.

(Q19) CORRECTIONAL OFFICER VITELA. How MANY TIMES did INMATE GRiffin TEll you he WAS AllEGedly STRuck WiTh ThE AllEGEd CANE SiR ?

(A19) INMATE GRiffin nEVER STATED To ME How MANY TimES he WAS STRuck!

(Q20) CORRECTIONAL OffiCER VITELA WHAT PHYSICAl INJuRiES did You obSERVE INMATE HAMilTON To hAVE SUSTAiNEd in PER YOUR REPORT ThE AllEGEd bATTERY ON INMATE GRiffin ?

(A20) I don'T Know!

(Q21) CORRECTIONAl OffiCER VITELA within ThE SCOPE of YouR EMPloyMENT AND TRAiNiNG iS iT noT YouR Job To PREVENT INJuRy SERioUS or noT To ANY INMATE or STAff MEMbER ?

(A21) DOES noT PERTAiN To RVR!

This conclUdES ThESE QUESTioNS foR This WiTNESS.

20.

PLAINTIFF PROPOUNDED THE following QUESTIONS TO WITNESS, LT. STRATTON.

(Q1.) ON JULY 19, 2006 AT APPROXIMATELY 0:859 A.M. DID YOU RESPOND TO A PERSONAL ALARM IN HOUSING UNIT B FIVE(5)?

(A1.) YES AT APPROXIMATELY 0900 HOURS I DID RESPOND TO H.U. B5!

(Q2.) LIEUTENANT STRATTON FOR WHAT REASON DID YOU INITIALLY RESPOND TO THE PERSONAL ALARM IN HOUSING UNIT B5?

(A2.) DOES NOT PERTAIN TO THIS RVR!

(Q3.) LIEUTENANT STRATTON DURING THE PENDENCY OF THE TWO (2) DIFFERENT INCIDENTS IN HOUSING UNIT B5 WERE YOU THE HIGHEST RANKING OFFICIAL ON THE SCENE?

(A3.) DOES NOT PERTAIN TO THIS RVR!

(Q4.) LIEUTENANT STRATTON WHAT PHYSICAL INJURIES DID YOU OBSERVE INMATE HAMILTON TO HAVE SUSTAINED IN THE ALLEGED BATTERY ON INMATE GRIFFIN?

(A4.) NOT INITIALLY!

21.

(Q5.) Lieutenant Stratton did you file any supplemental reports concerning your alleged observations as attributed to you by your subordinate M. VITELA C/O of the alleged incident between inmates HAMILTON T-33081 B5-133L, and GRIFFIN V-91121 B5-133U ?

(A5.) Does not pertain to RVR! I submitted my written report which clearly details what I observed ;

(Q6.) Lieutenant Stratton concluding the incident between inmates HAMILTON and GRIFFIN and your observations of the occurrance did you debrief your observation to LT. M.E. RUAN?

(A6.) Does not pertain to RVR ;

(Q7.) Lieutenant Stratton prior to ,during or after inmates HAMILTON or GRIFFIN were confined in Ad-Seg did you interview either inmate ?

(A7.) Question not answer, not relevent to RVR ;

(Q 8.) LIEUTENANT STRATTON APPROXIMATELY HOW MANY CDC-114D SEGREGATION ORDERS HAVE INITIATED?

(A 8.) NOT RELEVANT;

(Q 9.) LIEUTENANT STRATTON did INMATE GRIFFIN TELL YOU he'd been STRUCK by INMATE HAMILTON Allegedly with A CANE?

(A 9.) DOES NOT PERTAIN TO RVR THIS QUESTION Answered by 837 REPORT SUBMITTED. Refer TO MY CDC-837C.

THIS concludes These QUESTION for This witness.

PLAINTIFF PROPOUNDED The following QUESTIONS TO WITNESS Alleged victim TIM GRIFFIN V-91171, C5-211.

(Q 1.) MR. GRIFFIN IS IT TRUE YOU REPORTED TO Medical STAFF You'd been STRUCK by MR. HAMILTON Allegedly with A WALKING CANE?

23

(A1.) Before I could ask the question, Inmate Griffin stated:
" I do not want to anticipate. I have nothing to say."

This concludes these questions for this witness.

The following statement was submitted to the hearing officer by the reporting employee:

I responded to a personal alarm in facility B Housing unit #5, as I was providing security I observed the inmates assigned to cell 133 engaged in a cell fight. I immediately ordered the building down, both inmates continued fighting, as I approached the cell, I observed inmate Hamilton strike inmate Griffin approximately 4 to 5 times with a cane. Once there were enough staff to provide security, Lt. Stratton ordered the cell door to be opened. I ordered both inmates to get down with negative result. Lt. Stratton and officer Duarte sprayed the inmates with their MK-9, oleoresin capsicum sprays.

Both inmates complied and got down into a prone position Inmate Hamilton did not submit a list of witness(es) to be present at his hearing.

This concludes this Investigative Employees Report.

I/m Hamilton submitted questions to be asked of Associate Warden R. Delgado. No questions were asked of R. Delgado as not persent during this incident.

I I

I/a

PLAINTIFF Provided The following STATEMENTS To LT. R. Johnson for use AT AN in Prison DISCIPLINARY Proceeding.

WITNESSES: INMATE HAMILTON requested several witnesses To be Interviewed for This I.E. Report.

STATEMENT OF INMATE: HAMILTON

I DECLARE THAT AT no TIME during The Alleged BATTERY in which I've been RETALIATORIALLY charged with did I Strike or ATTEMPT To Strike The Alleged VICTIM GRIFFIN with A WALKING CANE. AS FALSELY reported by C/O M. VITELA.

Defendant HAMILTON further Avers The CDC-114D Segregation order Authored by The LATE MR. M.E. RUAN LT. Belies The report filed by C/O m. VITELA Alleging "He observed Defendant HAMILTON Striking MR. Griffin 4 To 5 Times" where in OPPOSITION Thereto LT. RUANS 114D Premised uPON C/O VITELAS observations PromPTED HAMILTONS And Griffins Ad-Seg PlACEMENT, Premised uPON BATTERY on one ANother"

Defendant HAMILTON further Avers C/O m. VITELAS RETALIATORIALLY FALSE DISCIPLINARY filing was Primarly motivated by MR. HAMILTON'S filing of A CITIZENS comPlAINT

26.

AGAINST L. ROBLES MTA DATED JULY 13,
2006 LOG NO# CAI-B06-01955, C/O VIELA'S
RETALIATORY DISCIPLINARY FILING WAS
KNOWINGLY RATIFIED by M.E. RUAN, LT.,
G.J. JANDA, AW-CDW(A), T. OCHOA, CDW(A),
L.E. SCRIbNER, S. RUTLEDGE, SGT, G.Z.
HERNANDEZ, LT.

DEFENDANT HAMILTON further AVERS he's
been RETALIATORALLY denied CONSTITUTIONAL
DUE PROCESS IN THE denial of THE
TESTIMONY of MATERIAL WITNESS THE LATE
M.E. RUAN, LT, THERETO THE Adduced evidence
dePICTS ON AUGUST 3, 2006, THE SECURITY
& INVESTIGATIONS UNIT received AN INCIDENT
RePORT LOG NO# CAI-FB5-06-07-0239
However THE report WASN'T PRESENTED
TO THE DISTRICT ATTORNEY'S office for
POSSIble CRIMINAL PROSECUTION UNTIL
JANUARY 9, 2007, where A D.A. REJECTION
WAS ISSUED.

This concludes STATEMENTS From THIS
DeFendANT.

DATED: FebRUARY 12, 2007

RESPECTFUlly
E. Hamilton

27.

Defendant HAMILTON further Avers had he been Allowed To PARTICIPATE IN The DISCIPLINARY Proceeding before Defendant BELTRAY Defendant HAMILTON would HAVE TESTIFIED:

I Eugene HAMILTON T-33081 would have requested The late MR. M.E. RUAN, ET AS A WITNESS in The forementioned DISCIPLINARY Proceedings, To TESTIFY uPon whos observation And DISCIPLINARY Reports, did he Relay uPon in ordering I/m's HAMILTON, And GRIFFIN confined in Administrative Segregation (Ad-Seg)?

I, further would have TESTIFIED there are APProximately 1000 round Holes THAT MAKE UP The cell doors AT CALIPATRIA Prison, and AT ANY Time C/o Defendants, VITELA, Rutledge, or ANY officer They WANTed To CeAse The Alleged BATTERY from being committed in The case AT bAR or ANY other case, custody ISN'T Precluded from utilizing The STATE issued Pepper SPRAY their ussued To cease ANY SITUATION!

I, Further Testify, During the alleged Altercation That Defendants Vitela, Ridledge, Allowed in Turn into the alleged Battery; The rear cell window was Covered, The lights were off, and The dim light was n't operational.

This Concludes The Additional Testimony of MR. E. Hamilton, T-33081.

Dated: April 25, 2007    Respectfully Submitted:

E. Hamilton

Eugene Hamilton

MS. Cruz, AS mentioned To You in my
AUGUST 26, 2007 memorandum (See Exhibit
I ) I Thereto enlightened You on June
28, 2007 I Appeared Before Your Superior
D. Fallon, ACTING Chief Deputy WARden,
FortSon, FACILITY CAPTAIN, V. PowerS ETC,
AT A HASTIY Convened I.C.C. not To
AdJudicate LT. BeitRAYS Sham Disposition,
IMPOSE A SecurITY HousIng unIT Herein
After Shu) Term CuIMINATING from LT.
BeITRAYS finding!

NO I WAS Summoned To The I.C.C.
Allegedly PremiSed uPon P. FinAnder, M.D
APril 4th 2007 1845 (Ad A) filing To
Recommed To The CLASSIFICATION STAFF
RepreSentive (Herein AFTER CSR) ThAT I
be TranSferred immediAtely To The
SubSTANce Abuse TreaTMENT FACIIITY
II (Here in After S.ATF. MedicAl II)
(See EXHibiTS 'J' )

MS. Cruz, AbSurd AS iT MY Sound, Some-
Time After The Above mentioned I.C.C.
I beGAN To PoSe To The medicAl
DocTors LuhAT WAS The Problem with
MY MedicAl TransFer, AS Posed To You
In The Above mentioned memorandum,

28

However The only RESPONSE REAdiLY
AvereD To Me WAS BecAUSE of MY Ad-SEG
STATUS!!

MS CRUZ, MR. NolAN
ON MARCH 7, 2007 AFTER having been
PlAced in The MENTAI HEALTh PROGRAM
AT The (CCCMS) level of cARE, I WAS
TRANSferred from SATF CRISIS Bed And
SenT TO The (CCCCMS) PROGRAM AT
LAncASTER PRISON, where I WAS TRANS-
PorTed in A SPECIAl wheelchAIR vAN,
I WAS further TRANSferred To LAncASTER
PREMISED upon The dePicTION of
MY RETAliATORAlly WONTON SubJECTION
of DeliberATE INDifference To PAIN
And SufferinG, AS discerned by the
ASTUTE MEdicAl STAFF AT SATF,
who DiScerned THAT I MiGhT obTAin
MEdicAl TREATMENT for whAT hAd
been dePicTed Per The November 8,
2006 MRI AS "FAceT JoinT DiSORdER,
HERIATED BulGinG DISK, AND AN ANNULAR
TEAR or crAcked DISK" (See ExhibiT 'K')

29.

Upon receipt at Lancaster Prison I was met in Receiving and Relase (Herein After R&R) by a male nurse by a male nurse who upon being made cognizant of my inability to ambulate without medical devices, had me taken to central Health, Allegedly so I could be Medically assessed by a Medical Doctor, thereto while in excruiating Spinal and lower back pain, due in large part to the eight(8) Hour Van Ride, I was Approached while in Hold Tank Two(2) by a female nurse in Respone to my request for pain medication, thereto the nurse left and Returned Shortly and attempted to Provide me Two(2) Tylenols, thereto I enlightened the nurse the Tylenol didn't Provide any relief, thus the Tylenol wasn't Provided, when the nurse returned again she advised me, the Doctor had cleared me to be Housed! unbeknown to me in Ad-Seg!

upon not having been physically assesed by DR Mostafania, I was seen in holding tank Two (2) by Medical Technical Assistant (herein after mta) miraliti, who entered the tank with LT. R. mira, thereto despite my enlightening mta miraliti I couldn't ambulate cleared me per medical procedure by authoring a CDCR Form 7219 for housing yet again unbeknown to me despite LT. mira's presence in Ad-Seg!

Thus LT. mira upon the completion of the 7219 procedure abruptly aved: I've found you a cell in Ad-Seg"

Thereto in vain I attempted to make LT. mira cognizant I'd been housed in the infirmary since November 6, 2006 at Calipatria prison, in conjuction with making him cognizant of a January 5, 2007 chrono issued by SGT M. Hunt at Calipatria, as well as the accomodation chrono prescribing a medical walker. However despite this clear corpus of evidence LT. Mira, retaliatorally ordered me housed in Ad-Seg! (See Exhibit 'L' )

31.

ON MARCH 9, 2007 while confined in Ad-Seg I should have been provided A constitutionally mandated CDCR 114D Segregation Hearing by C. Fortson, custody captain, However C/O Palacios Retaliatorially informed Fortson I didn't wish to participate, However when C/O Palacios appeared at my Ad-Seg cell And inquired if I'd desired to participate in the proceedings, I Responded:

" Yes but I'd need use of the wheelchair Palacios used To wheel me To Ad-Seg from The central Health in"

Thereto C/O Palacios Responded:
" You don't need A wheelchair because you don't have A wheelchair"!

Thus months later upon receipt of the CDC-114D completed form it Alleged I Refused To participate! (See Exhibit 'Z')

From March 9, Thru 13, 2007 while confined in Ad-Seg unable To Ambulate To The door I was denied Meals by The entire Ad-Seg Staff!

32

ON MAY 7, 2007 while HOSPITALIZED in the INFIRMARY AT LANCASTER I, Submitted A COMPLAINT PURSUANT TO CALIF PENAL codes 197 AND 832.5 TO AN individual name (Sullivan believe To be The ACTING WARDEN However The name of The ACTUAL ACTING WARDEN IS F.B. HAWS, AGAINST LT. MIRA C/O PALACIOS, C. FORTSON, CAPT.

ON JUNE 28, 2007 HAVING NOT OBTAINED NOTICE OF The filing of The COMPLAINT AGAINST MIRA, PALACIOS, FORTSON, I Served UPON MR. HAWS, ACTING WARDEN(S) A MEMORANDUM IMPLORING him TO MANDATE his Subordinate Sullivan To Produce The MAY 7, 2007 COMPLAINT. (See Exhibit 'm')

ON JULY 9, 2007 I AGAIN Submitted A COMPLAINT TO ACTING WARDEN HAWS AGAINST LT. R. MIRA, C/O PALACIOS, CAPT. C. FORTSON ALLEGING II The RETALIATORALLY: ON Ton SUBJECTION of me To deliberate indifference TO PAIN AND Suffering, The deprivation of A Sound CDCR-119 D Hearing, Denial of Food, AND UNSANITARY LIVING CONDITIONS II

APPEALS coordinator J. CURIEL BY AN AUGUST 2, 2007 SCREENING form Refused To File The complaint RETALIATORALLY Avering: II I COULDN'T File A CDCR-602 FORMED COMPLAINT AGAINST

33.

R, MIRA, PALACIOS, FORDSON, bECAUSE AN
(AdA)COMPLAINT I Filed AGAINST THESE
SAME PEOPLE LIAS cURRENTLY UNDER REVIEW
(SEE EXhibiT 'N'   )


ON AUGUST2,2007 J. CURIEL, APPEALS cOORdiNATE
FILLED AND PROCESSED AN CDCR FORM 1824
AGAINST LT, MIRA, PALACIOS. AllEGING WillFUl
RETALiATORAlly MOTIVATE WANTON DElibERATE
INdiffERENCE TO MY PAIN ANd SUffERING,
THERETO A V.S. DANNA,SGT, ON OR AbOUT
THE MONTH OF AUGUST INTERViEWEd ME iN
RElATION TO MY ADA AllEGATIONS, AT
THIS INTERViEW I PROVIDEd DANNA COPIES
OF MY APRIl 14,2007 CDCR 1829 FROM
IRONWOOd STATE PRISON, A FEbRUARY 9,2007
COMPREHENSIVE ACCOMODATION CHRONO FROM
CALIPATNIA PRISON AUTHOREd BY K.BAll
CHIEF PHYSICAN ANd SURGEIN, THE JANUARY
5,2007 CHRONO AUTHOREd bY M.HUNT Ad-SEG
SGT, THE (AdA) COMPLAINT NOT dEPICTEd
A COMPLETION DUE dATE OF AUGUST 23,2007
(SEE EXhibiT 'O'   )


34.

On march 10, 2007 while confined in Ad-Seg at Lancaster Prison I was subjected to a Racially motivated Retaliatory Assault and Battery by c/o, J. morelli, K. moening who, when I was able to reach the toilet and use it, it began to overflow causing a minute flood, thereto morelli and moening approached the chase turned off the entire water supply where c/o moening without provocation or warning, opened the tray slot and used his state issued pepper spray to spray me while sitting at the end of the bunk bed with one continuous burst of pepper spray, about the face and upper body, c/o moening than joined by morelli told morelli to activate his personal alarm, thereto upon the arrival of responding staff K. Thomas, Ad-Seg Sgt began to conspire in the filing of fabricated use of force, disciplinary reports and district attorney prosecution referrals alleging, I who couldn't ambulate to the toilet threw something from the cell, which is covered by plexiglass upon c/o moening!!!

35.

SGT. Thomas who'd been made COGNIZANT I couldn't AMBUIATE without MEDICAL ASSISTANCE in the obtaining of meals, Showers, medications again came To the Cell where he observed me lying on the floor FACE UP Covered by DEFECATION And urine, ordered me in excruciating PAIN To crawl To The TRAY Slot And be Placed In HANDCUFFS! Thereto I again explained To SGT Thomas I couldn't AMBUIATE without The Aid of medical devices, I in vain ATTEMPTED To enlighten Thomas I'd been wheeled To The cell Bed by C/O PALACIOS from The infirmary on march 7, 2007, Thus my meas falling on RetaliatoraIly motivated DEAF ears I, WAS lefT in The contaminated cell APPROXIMATELY Three (3) Hours, until Nurse "Amost" APPROACHED The cell And observed me in such condition!, Thereto nurse Amost Summoned The EMERGENCY HEALTH center nurse Soliz, who upon observing me in excruciating PAIN ordered I, be Cleaned up And immediately brought To CENTRAL HEALTH, once AT CENTRAL

lying on A Stracher in the emergency
room I was Assessed by? The DR.
MOSTAFANIA who Avered:

    // oh I Remember your case you're
        The Person I Provided The medical
        LAY-in on MARCH 7, 2007 (see Exhibit 'R')

I INITIATED The conversation with DR.
MOSTAFANIA by enlightening him, The
Alleged medical LAY-in he Authored was
void where I was confined in Ad-SEG
because I wouldn't be Accomodated in
The custody STAFF in A SECURITY Housing
units opening The door To feed, or medicate
me!

I further Avered To DR. MOSTAFANIA had he
Physically Assessed me on MARCH 7, 2007
He would have known I, couldn't Ambulate
i, Thus I EXPLAINED To DR. MOSTAFANIA
I was in excruciating pain of The Spine
lower BACK, Thereto DR. MOSTAFANIA Prescribed
A Shot of morphine, And DISchArged me back
To Ad-SEG I, Thus I inquired of nurse Soliz
who Administred The morphine:

    // why WAS I being returned To A cell where
        Soliz And MOSTAFANIA were Aware I can't
        Ambulate"!

37

Thereto Nurse Soliz Responded:

#1 I know for A FACT There's
no Room open in The infirmary"!
(See Exhibit "R")

Thereto it being AGAIN As AT CALIPATRIA
I Told nurse Soliz I'd like To SPEAK To
DR. Khoury, PSYCHIATRIST who was in The next
Room, because if The medical DEPARTMENT
WAS n'T going To Provide Adequate medical
ATTENTION I WAS going To commit
Suicide." However, DR. Khoury FLAT out Refused
To SPEAK To ME." Thus C/o PALACIOS, SGT. Thomas
And Two (2) C/o' Removed me from The Emergency
Room TAble loaded me in A wheelchair And
PALACIOS AGAIN wheeled me A Third 3rd of A
mile To The Ad-SEG unit And The SAME
conTAMINATED cell." (See Exhibit "S")

oN March 13, 2007 while confined in The
ConTAMINATED Ad-SEG cell unable To Ambulate
And in dAbilitating SPINAl And lower BAck PAin
I WAS discovered in Such POSITION during A
Bissiding Search lying on The conTAMINATED
urine STAINEd MATTRESS, Thus once Removed
from The cell by The SECURITY SQUAD And
EXAMINED by nurse TAYlor, LT. HARTley
ordered I be TAKEN by Ambulance To
CentRAL HeAlTh, where I WAS EXAMINED
by DR. J. FITTER, And Admitted To The
infirmary oF CTCC (Correctional Treatment center)

Upon being admitted I was prescribed Elavil, Robaxin, Naperson, Primosac, Dr. Fitter also ordered Physical Therapy, and that I be transferred immediately to an acute care medical facility for long term treatment and housing. (See Exhibit 'T' & "U")

On April 26, 2007 while hospitalized in the CTC I submitted for filing to a person name Sullivan Warden a complaint pursuant to Calif Penal codes 199 and 832.5 against Lt. Mira, Morelli, Moening, Sgt K. Thomas, A. Khoury, Dr. Mostafania, MTA Miralttii, alleging:

" Retaliatorially motivated wonton deliberate indifference to pain and suffering, retaliatorially motivated racial assault & battery, excessive use of force and unsanitary living conditions"

The complaint was assigned to Downs A/W Fortson, Capt. Hartley, and denied, . . . and was & denied thereto I appealed to director Tipton who caused the complaint to be assigned to Grannis, who assigned S. Wright who retaliatorially denied the complaint while acting on behalf of Grannis, and Tipton. (See Exhibit 'V')

39.

ON JUNE 7,2007 while HosPitalized in
The infirmary AT LANCASTER Prison I
APPEARED before, DowNS, ACTING Chief
DePuTY WARDEN, And V. Powers, cc11, AT
An I.C.C. (InSTITuTIonAl clASSIficATIon committee)
Allegedly for AdJudicATIon or ASSESSMent of
A PoSSible Shu Term Premised uPon The
ReTaliaTorally imPoSITIon of GuilT imPoSed
by LT. BeiTRAY of APRIL 25,2007 on The CDC-
115 Authored by c/o M. inTELA, Alleging:
(BATTERY ON AN inmATE wiTh A CANE weaPon)
Prior To DowN, Poisers entering To infirmary
Room Powers AveRed To DowNS:

" Since we DON'T have The CDC-115 HAmilton
WAS found GuilTY of To ASSeSS A Shu Term
We'll iSSue him Another cDC-114D order
Premised uPon The BATTERY in The RACiAlly
moTived ATTAck of March 10,2007"

ThuS Powers And downs in ReTaliaTaon for
MY APRIL 26,2007 ComPlAinT AGAinST miTA,
moening eTc, AS wellAS mY MAY 16,2007
ComPlAinT AGAinST Powers." Used The
PreTeXT of The June 7,07 APPEARANCE To
ProTRAck MY Ad-SEG confinement To Allow
The ANTAloPe vAlley DISTrICT ATTORNEY To
file A ReTaliaTorally moTivATed RAciAlly
BlATANT charGe AGAinST me; where Powers
And Downs knew before EXITing Their offices
They didN'T PaSSeS

40.

LT. BELTRAN'S DISPOSITION TO modify, Affirm or reverse such disposition, while All Alone referring my CASE To The CSR, premised upon The incompletion of The DISCIPLINARY Process. (See Exhibits "H")

① ON June 28,2007 AT A SubseQuent I.C.C. Chaired by D. Fallon, Powers Avered:

"HAMILTON WAS To have been Assessed A Foorteen (19) MONTH AGGRAVATED Shu Term"

NOTE: "The medium EARLY Release DATE (herein After MERD") would have been ten(10) MONTHS And Fifteen (15) DAYS or June 6,2007"

NOTE: This is The I.C.C. Which Allegedly Referred my CASE To The CSR For The SATF AT CORCORAN CALIF!

ON July 3rd,2007 while HOSPITALIZED in The Infirmary AT LANCASTER I WAS ISSUED A New CDCR-114D Segregation order Authored by LT. J.P. middleton, Premised UPON The RETALIATORAILY MOTIVATED imposition of Guilt imposed by LT. BELTRAN Alleging "BATTERY UPON AN INMATE With A (CANE) WEAPON"
(See Exhibit "W"

41.

NOTE: CONSTITUTIONALLY IF LT. BEITMAYS
Retaliatorally motivated Disposition
hadn't been Affirmed, modified,
or reversed, or Resulted in the
Imposition of an Active or Suspended
Shu Term, Triggering my Transfer
To Another CCCMS, Ada medical
FACILITY, what was my STATUS
from June 28, 2007, until July 3, 2007
when The new CDCR 114D Segregation
order was?!

NOTE: FACT.

If I were confined in Ad-Seg And
Afforded A Constitutional Sound
Disciplinary Proceeding, Assessed
An Active or Suspended Shu Term,
I, would have Transferred from
Ad-Seg Maximum Custody, Transferred
To Another CCCMS Mental Health,
Ada Medical FACILITY, until
Provided Another I.C.C. or U.C.C.
Appearance, where my custody And
Work Group, Privilege Group Would
have been established At Med-A
Custody, A2B, or newly Arrived,
unAssigned.

42.

On July 5, 2007 while hospitalized in the infirmary at Lancaster prison R.J. Dottaviano, custody captain, appeared at my door allegedly to conduct a CDCR-114D segregation order hearing to allegedly determine if I'd be released to the general population, or retained in Ad-Seg pending transfer to SATF medical facility!, thereto captain Dottaviano began the rhetoric by inquiring if I had any reasons to propound to him why I should be released to the general prison population pending transfer to Corcoran Calif!; However when I began to offer my explanation, Dottaviano removed his face and attention from the tray slot and avered to the c/o standing with him in a loud voice!: "Hamilton's going to be retained in Ad-Seg pending transfer because, all of Lancaster's housing units have gone reception centers, and because he's eligible for a 180 design institution"

Captain Dottaviano further falsified the administrative review (PART B) of the segregation order by declaring, I'am entitled to a staff assistant Here in after S.A) and that I was assigned my present (corrential counselor!, Herein after CC!)

43.

To help me Present my Averments to(him) DOTTAVIANO, However the CCI was Assigned in name only, for I never saw the CCI To Propound Questions To DOTTAVIANO About my Illegal Ad-Seg Confinement!

DOTTAVIANO further Retaliatorally knowingly FALSIFIED his Administrative review by Denoting on the Hearing form:

Evidence Collection by I.E. unnecessary: (Yes) No
Declined Any Investigative Employee! (Yes) No
RSU Placement is for disciplinary Reason. (Yes) No
Declined 1ST Investigative Employee Assigned (Yes) No
II not Assigned                    Any No my regime I.E. Assign

CAPTAIN, DOTTAVIANO further Knowingly FALSIFIED his Administrative review by Denoting on The Hearing form:

I, WAIVED MY RIGHTS To 72 Hour Preparation Time, And Requested no witnesses At The Hearing, thus After The Pseudo Hearing I was Retaliatorally ordered Retained in Ad-Seg (See Exhibit "U")

On November 12,2006 I Submitted To acting Warden Hall's A complaint Pursuant To Penal Codes 147, 118,1, 125, And 832.5 Against J.P. Middleton,Lt; R.J. DOTTAVIANO ,Custody CAPTAIN, Alleging the Submition of Knowingly FALSE Reports.(See Exhibit X)

44.

ON June 7, 2007 while Hospitalized in the Infirmary I Submitted A Complaint Pursuant To Calif. Penal Codes 197, 8325 To An Individual Name Sullivan Warden, Against V. Powers CCII, Downs, acting Chief Deputy warden Alleging: A Retaliatory nexus for The June 7, 2007 I.C.C. which Protracked my Ad-Seg confinement;

ThereTo J. Curiel The Appeals coordinator initially filed The complaint issued A Log no 77 And Classified The complaint As A custody classification Issue And Assigned The complaint-Appeal To MR. Downs' Associate warden A/B Facility: for review!

J. Curiel, Appeals coordinator on June 25, 2007 in A Blatant Retaliatory motivated action returned The Already filed complaint with A Screening form Attached Avering:

ll This Appeal constitutes An Abuse of The Appeal Process Pursuant To CCR Title 15 3084.4 Your Appeal cannot be understood or is obscured by Pointless verbiage or voluminous unrelated Documentation CCR 3084(C)11

ll This Appeal has been forwarded To The Hiring Authority And it has been determined This Appeal does not meet The crequirement To be Assigned As A Staff complaint, You have added unnecessary verbiage, correct The Verbiage And Simplify The request not To include Staff complaint And The Appeal will be Processed"

45.

even though I knew my First Amendment Constitution Rights were being violated by Curiel and Haws, in a moment of appeasment I Reduced the contentions from 42 to 17 Paragraphs; However I Retained the averment CC11 v. Powers And Downs June 7, 2007 Classification Action was Retaliationally motivated;

J. Curiel on July 5, 2007 Still. In Retaliatory mode AGAIN returned the complaint Appeal with A new Screening Form Avering:

"Re-Submit this Appeal with new verbinee or A new CDC-602, So that the Appeal my be Processed; Remove STAFF complaint LANGUAGE And it will be Processed. ATTACH Supporting Documents, I.C.C. 1286 Chrono, DISPOSITION of Rules violation report RVR In question"! (See Exhibit 'Y' )

On June 5th 2007 while hospitalized in the Infirmary AT Lancaster Prison I Submitted An inmate Request for Interviews to cc 11 v. Powers Requesting To be Provided copies of: 1. The July 5, 2006 CDC-128-G Initial UCC Chrono AT Calipatria Prison,
2. The March 15, 2007 1.c.c CDC-1286 chrono From CSP-LAC;
3. The March 9, 2007 CDC-114D Hearing order Prepared by C. Fortson AT CSP-LAC.
(SEE Exhibit '2')

46.

When CCII Powers Failed to Respond in a reasonable amount of Time, on June 13, 2007, I submitted to her a Form CDC-602 mandating the aforementioned documents.

On July 2, 2007, Two (2) of the Three (3) documents were provided, which were Items 1, 3, Someone affirmed they couldn't locate Item (2). (See Exhibit "1" B)

On July 6, 2007, I submitted yet another Inmate Request For Interview to CCII Powers requesting the below listed Items for appellate review challenging there respective classification Actions. (See Exhibit "2" )

On July 15, I submitted yet another Form 602 To Powers, mandating the production of:
1. The March 15, 2007 I.C.C. Chrono from CSP-LAC,
2. The June 2, 2007, I.C.C. Chrono from CSP-LAC,
3. The June 28, 2007, I.C.C. Chrono from CSP-LAC

On September 23, 2007 while hospitalized in the Infirmary I submitted Directly to acting Warden Hawsii an 1824 add a Form complaint against V. Powers, CCII, alleging she and her Subordinates were retaliatorily discriminating against me because of my disability and complaints

47.

ON October 4, 2007, I. curiel in Another of his most openly BLATANT Retaliatorally Discriminative oppressive actions Avered: "No other request than STAFF COMPLAINT LANGUAGE. LAC is unable to process or assign your appeal. You need to change your request, or Add Information for assignment And or Processing! (See Exhibit '2'    )

NOTE: The action requested in the above CDCR-1824 AGAINST V. Powers is not Differed from the Action requested in the 1824 AGAINST R. MIRA, LT. PALACIOS, C/O/C. FORTSON, CAPTAIN, J. MORELLI, C/O K. Moennig, ETC, which is Pending Review!

① On October 4, 2007, While HOSPITALIZED in the infirmary I began to be subjected to openly blatant Retaliatorally Discriminative wonton Deliberate Indifference to my Pain and Suffering by C/O C. Chestnut, who on the forementioned date dropped my incoming mail on the floor outside the infirmary room door And Proceeded to Kick the mail into the room At 0:400 a.m.!

C/O Chestnut on more occations than one can has subjected me to wonton blatant Retaliatorally Discriminative deliberate Indifference to Pain and Suffering by Prohibiting And Intimidating the medical nurses or CNA's C certified nurse ASSISTANTS (CNAS) From discharging their medical mandates

48 ①

in Providing PATIENTS like myself and others much need' ice or cold WATER I'm currently Hospitalized in a Ada Room in The infirmary my room only has A "HOT WATER Button" I do not have cold WATER in my room, I was Prescribed fiberLAX To Help me have regular movements in light of my being bed Reddon, Thus in order for the medication To work effectively without causing the CONSTRPATION it was ordered To Prevent it is PARA mount I be Hydrated, However c/o chestnut The Two (2) day Sixteen (16) hour c/o has enacted his own, Alotted time to Provide ice or ice water To! Thus he doesn't Allow water or ice To be Passed out from Two (2) P.M. until 7:30 or 8:00 P.M. !

Thus on October 4, 2007 I submitted directly To ACTING WARden HAWS, AN CDCR-1824 complaint Form, However J. curiel refused To file the COMPLAINT, ASSERTING I WAS circumventing The CDC-602 APPellant procedure by filing The 1824 AGAINST CHESTNUT! Thus he refused To file The CDC-1824!

Thus on October 26, 2007 I submitted The COMPLAINT To Director. J. TIPTON for ACTION. (See Exhibit '3')

49.

ON October 20, 2007, I Served Upon Acting Warden Haws, and Director Tipton a Hand written Three (3) Page Complaint Against C/O C. Chestnut outlining his Racist demanner Toward Inmate Barnnet CTC Room 19, as well As his wonton Retaliatory Discriminative deliberate Indifference To My Pain and Suffering.

However Three (3) days before the Submission of the Handwritten complaint I, Submitted A CDCR-602 form complaint Pretty much outlining The Same overzealous Conduct, Thereto J. Curiel, Appeals Coordinator once again in Retaliatory Made Refused To File The complaint on November 7, 2007 Avering:

11 You have Previously filed Appeals To The IAC (Inmate Appeals Coordinator) in Regards To This Incident And Was Screened Approprintely.

Add Information That hasn't been Addressed or change request in Section 'B' for Processing.

(See Exhibit '5'    )

50.

ON MAY 8, 2007, while HospiTalized in The Infirmary I Delivered Three (3) compIaIAnTS To The c/o Addressed To:

1. MR. Derrick L. OllinSon, warden
   19005 wileys Road
   BlyThe CAIIF 92225

   Addressed on The envelopes
   "ConfidenTIAL Legal mail"

2. mR. L. E. Scribner, warden
   7018 Blair Road
   CALIPATRIA CAlIF 92233

   "ConfidenTIAL LEGAl mail"

3. MR. John Dovern DirecTory of CorrecTions
   1515 S. ST
   SACRAMENTO CALIF 95819

   "ConfidenTIAl Legal mail"

THESe COMPIAINTS were SeAled in PeRSONAl envelopes with CDCR-193 TrustwiTh drAWAlS ATTAched To each To cover PosTAGe) on or AbouT MAY 9, 2007 I, obTAINed ReceIpT of The Above menTioned from The MAIlRoom Alering:

"AS Addressed This mail does noT meeT legal mail criteria Per TITle 15 3191-3165"

I AGAIN ATTEMPTed To Send The Above menTioned In STATE Provided IndIGenT envelopes becAuse On one Such incident The MAIlRoom Alered I need 17 cenTFence for AddiTioni PostAGE

51.

ON MAY 25, 2007 I Submitted To Warden (A)
Gullian A complaint Pursuant To Penal
Codes 147 832.5, AGAINST The Mail Sergeant
Alleging willful obstruction of Access to
The courts by ATTEMPTING TO frustrate
The Exhaustion of my Appellate Rights

ON June 27, 2007, AT The complaint interview
with J. Cagalawan he Asserted:

"    ON No Set of circumstances was
     He As The Mailroom Supervisor
     ever responsibable for The mailing
     of any inmate mail to another
     institution' or The Director of
     corrections"

AT The Mailroom complaint interview I
Exhibited To Cagalawan, A May 8, 2007
Memorandum and CDCR-602 form complaint
I obtained from S. Emigir ACTING Chief
of inmate Appeals who Directed I obtain
A July 5, 2006, CDCR-1286 U.C.C. chrono from
my initial Appearance AT The U.C.C. To
contest The Hearing (. The chrono in Here
refferance is The one obtained from V.
Powers July 2, 2007)

Thus when I Exhibited The CDCR-1286
chrono Afixxed To The complaint with
(27) PAGES of Exhibits, MR. CAGALAWAN

52.

Avered: The COMPlAINT AS obtained
from The INMATE APPEALS BRANCH
MANDATING I obtAIN The chrono
And AfIXX IT TO The COMPlAINT
And return, Wouldn't be mailed
bACK Because AdditionAl
POSTAGE Wouldn't be Added
because IT WASN'T legAl mail!
(SEE EXhibit '7')

Thereto when I Submitted my July 8,07
DISSATIFIED: Request for Second level REVIEW
I Asserted!

"The FIRST level response taken by
DEFENDANT J. CAGAlAWAN Lives in
TheATer of the AbSurd; because
CDCR hAS IT'S own inter Prison
mAil SYSTEM And Thus no Addit-
IonAl POSTAGE Would be incurred"

ON July 20, 2007 CUMIEl Returned The COMPlAINT
ATTAChed with A Second level (WARDENS LEVEL)
Screening form Abridging my FIRST Amendment
ConSTITUTIONAl RIGHTS AVERING:

"You've mAde INAPPROPRIATE STATEMENTS,
Although The choice of words Selected
in And of themselves Are not Profanity,
They were used in A mANNER in which,
mAKES The STATEMENT INAPPROPRIATE.
The STATEMENT WAS Added To the APPEAl
only To mAKE A degrAding comment
About STAFF, (The STATEMENT WAS not
for The Processing of The APPEAl)
remove the INAPPROPRIATE STATEMENT And
The APPEAl will be Screened bAsed on IT'S
merITS." (SEE EXhibit 'G')

53.

Upon perusal of the July 20, 2007, abridement memorandum and in a moment of appensment I inked out the word "Absurd"; However because I'm currently Ad-Seg status all the staples are removed from all my incoming mail.

Thus when perusing another A ridgment memorandum' from ccav1 dated June 25, 2007 and July 5, 2007! which asserted:

## ll June 25, 2007 memorandum

This appeal has been forwarded to the hiring authority and it has been determined that this appeal does not meet the requirement to be assigned as a staff complaint. You have added unnecessary verbiage, correct the verbiage and simplify the request not to include staff complaint language and the appeal will be processed"

(See Exhibit 'G'   )

## "July 5, 2007 memorandum

ll Re-submit this with new verbiage or a new CDC-602 so that the appeal may be processed, Re-move staff complaint language and it may be processed. Attach supporting documents, UCC 1286 chrono, Disposition of RVR in question.

(See Exhibit 'G'   )

The Above mentioned complaint concerns
A June 9, 2007 I.C.C. where I was contending
my constitutional rights were violated by V.
Powers CC II, Downs, Acting chief Deputy warden,
However I inadvertently attached The July 20,
07, mailroom memorandums to The June 25, 07,
July 5, 07 memorandums, thus mr. curiel
in Another one of his retaliatory mode!
moments of indifference cancelled The Appeal!
(See Exhibit 'G'   )


mr. curiel again on or about June 29, 2007
retaliatorally violated my first, fifth,
Eighth, and fourteenth Amendment constitutional
rights by refusing to process The three (3)
page complaint and twenty-seven of exhibits
back to the inmate Appeals Branch in
compliance with the state court decison
Announced in, In Re michael Brodheim
August 8, 2005 solano superior court No #
FCR 219566

CCR Title 15 3084.2(C) states:
" The Appeals coordinator is charged
    with receipt and processing All Appeals
    from the formal to the Third level"

While the APPellate memorandum was sent to me at SATF; while in a crisis bed, I didn't obtain the mail until late march at CSP-LAC; Thereto in obedience to the memorandum I removed the supporting documentation which consisted of the one(1) page complaint one(1) continuation page, and the(12) pages of questions to be propounded to the six(6) witnesses

On may 16,2007 while hospitalized in the infirmary at CSP-LAC after having been provided indigent envelopes, I submitted one of such envelopes addressed to warden scribner containing the Teeters complaint addressed as confidential legal mail

On or about may 22,2007 I again sent the mailed complaint to warden scribner; However mr. Cagalawan refused to send the complaint out in a state indigent envelope advising additional postage was required! Thus I've been prohibited from proper exhaustion of the complaint; (See exhibit F)

56.

On July 17, 2007 while Hospitalized in The Infirmary at CSP-LAC I, Submitted Directly To Acting Warden F.B. Haws An Americans With Disabilities Complaint (hereinafter ADA) Against R. Miralto, Palacios, C/O, Fortson, Capt. J. Morelli, C/O, K. Moening, C/O, S. Mostafawia, Physican Assistant, Mirailtli, MTA. Alleging: "The Retaliatory Wanton Imfliction of Deliberate Indifference To my Pain and Suffering, Retaliatorally motivated Racial Assault and Battery, Excessive use of force, And unsanitary living conditions"

The Complaint was Issued Log no# LAC-A-07-1689 Assigned A. Due Date: August 23, 2007, on or About August 18, 2007 I was interviewed by V.S. Danna, Sgt. At The Interview I Provided Sgt Danna Copies of Two(2) 1845'S Dated April 14, 2006, April 9, 2007, A February 9, 2007 Comprehensive Accomodation chrono, Prescribing A Medical Walker, A January 5, 2007 chrono from Ad-Seg M. Hunt. (See Exhibit '8')


On October 2nd, 2007 I Served upon MR. Downs Associate Warden A/B, and J. Cure (?) Appeals Coordinator A Memorandum Imploring each into The Completion of The (ADA) Complaint which hadn't been Completed and was well over due. (See Exhibit '9')

On July 19, 2007 while Hospitalized in
The infirmary awaiting medical Transfer
To SATF AT Corcoran I, was out of
The blue Summoned before, wofford,
Associate warden HEALTH care Services,
V. Powers, CCII, C, FORTSON, FACILITYCAPTAIN,
AT Another Retaliatorian Discriminative
motivated I.C.C., where MR. Wofford
who's charged with oversite and
cordination of All (AdA) complaints,
and who would have been Altimately
charged with final word of The (AdA)
complaint investigation AGAINST R. mitall,
ETC Retaliatorally Avered:

11 I Looked Through Your file and Discovered
A Five (5) month old, DISCIPLINARYREPORT
FOR BATTERY on A correctional officer,
So we'll be Requesting TheCSR ermnt
A (90) Extension of Your Ad-SEG confinement
So That We CAN Issue You A CDCR-115
For The Alleged offense, So have A Goodday"

Thus while M.S. Wofford And M.S. Powers Play
Retaliatory God, Ive been confined To bed
Robed of any real opportunity AT Surgery
or meaningful TherAPeutic Benefit, while I,
LAy here in bed in excruciating pain,
Awaiting The next Retaliatory Punch from
A corrupt CDCR employee'

58.

In Bressman v. FARRIER (W.D. Iowa) 825 F. Supp 231 Held:

"A Prison official cannot censor mail just because it makes rude comments about the Prison or Prison Staff"

In Estelle v. Gamble (76) 429 U.S. 104-05 Held:

"Indifference is manifested by Prison Doctors in the response to the Prisoners needs, or by Prison Guards in intentionally denying or delaying Access to medical Care, or intentionally interfering with the Treatment once Prescribed"

In Brown v. Valoff (9th cir 05) 422 F3d 926 Held:

"Under the Prison litigation Reform Act (PLRA) An inmate is not required to Pursue An Appeal when relief is no Longer Available"

In Helling v. McKinney (93) 509 U.S. 25-32 Held:

"To establish the violation of the Eighth Amendment it is necessary to show A deprivation of A Basic Human need, Food, Clothing, Shelter, exercise, medical care or reasonable safety"

ON November 6, 2007, while Hospitalized in the Infirmary At CSP-LAC, overcome by The Discriminative Retaliatory nature of Mental Physical And Psychological Wanton Malicious And Sadistical infliction of cruel And unusual Deliberate Indifference To my pain And Suffering being imposed by C/o's C, chestnut T, Chapman, I Served upon MR. T, BLOSKIE, Chief medical officer (CMO) M.d., CSP-LAC, The Honorable MR. Thelton Henderson, Judge, MR. Robert Sillen, Federal Monitor, MR. John Hagar, Attorney, MR. J. Tipton, Director of Corrections, A Three (3) Page Memorandum Entitled: <u>INVOLUNTARY DISCHARGE FROM CTC Premised upon MALTREATMENT Pending Prior Recommended Medical Transfer To The SATF AT Corcoran Calif</u>

Outlining my intention To forego Further Mental or medical MALTREATMENT AT CSP-LAC Pending involuntary Discharge From The Infirmary Pending Transfer. i (See EXHIBIT 10)

ON November 6, 2007 AT Approximately 01:00 AM, while Hospitalized in the infirmary Awaiting Back Surgery I WAS Awaken by The obviously loud Television from the Dayroom be enjoyed

60.

by C/O C. Chestnut! I'm Daily and nightly medicated to obtain any measurable relief from the excruciating dabilitating back and spinal pain, once awaken I can't be provided pain medication on the basis of an overzealous corrupt racist C/O, whoS used the tenure of his time to ungreatfully abuse dying or mentally ill Prisoners.

On November 20, 2007 I'll submit a form CDCR-602 complaint Premised upon Calif Penal Code 147, 832.5 against C/O Chestnut for wilful violation of CCR Title 15 3391, 3394, 3395 (See Exhibit '11')

NOTE: C. Chestnut is employed as a C/O and currently assigned to the CTC five (5) days a work, however because he's maintained an ill eight (8) Job swap routine to entertain a second source of income at a Job outside the department, he's working two (2) sixteen (16) hour shifts during the day when he wouldn't come in contact with Prisoners,

61.

On October 28, 2007 while Hospitalized in The infirmary I was Subjected to Deliberate indifference by c/o C. Chestnut who during medication Delivery Retaliaterialy Took my Dinner meal without Provocation or warning.

On October 24, 2007 I, Again Submitted Directly to Acting Warden Halls A 1824 (AdA) complaint, Alleging the Wonton Subjection to me of Deliberate indifference Premised upon the Taking of my dinner meal by c/o C. Chestnut, of which Taking left me Hungery, Thus C/o Chestnut Knew Taking my Dinner meal would inflict Pain and Suffering upon me. (See Exhibit 'G')

In *Keenan v. Hall* 9th Cir. 1983 F3d 1083 Held:

"Deprivation of outdoor exercise
Violates Rights of inmates confined
To continuous and long term
Segregation To be free from
Cruel and unusual Punishment"

CDCR Title 15 3341.5 Shu Term Assessment Chart
( Fixing of Determinate Confinement in Shu)
States In Pertinet Part:

Offense:                    Typical Term (mos)

4. Assault on              Low Expected High
   An inmate with
   Physical force
   Insufficient To
   Cause Serious         (06    12        18
   Injury

5. Throwing A
   Caustic Substance  (02  03      04)
   on A Non-Inmate

Shu Term Computation Table

| Shu Term mos | Merd Term | Shu Term Credit |
|---|---|---|
| 15 | 11-8 | 3-22 |
| 18 | 13-15 | 4-15 |
| 2 | 1-15 | 0-15 |
| 3 | 2-8 | 0-22 |
| 4 | 3-0 | 1-0 |
| 14 | 10-5 | 3-15 |

CDCR Title 15  Updated Through July 12, 2006

63

The Fifth Amendment To the U.S. Constitution
STATES: "No one Shall Be deprived
of life, liberty or PRoPery
without Due Process of Law"

IT IS my contention The CoRPUS of
Evidence Placed AT The DISPoSAl
of ACTing WARden F.B. Haws, Acting
Chief DePUTy WARden, D. fallon,
MR, Wofford ASSociate WARden Health
SerViceS, mR, J. TiPTon, DirecTor of corrections
(See EXhibiTS H, J, B)(demonsTRATES
A culpAble STATE of mind To Those mentioned
Above) DePicTS The Prohibition AGAinST
EXTended isolation, A PRActice which
has been Shown To be inconsistent
with The constitution, is being RETAliAT-
orally PRacTiceD AGAINST ME, of which
PRActice is wanton, And DeliberaTely
SubjecTing me To PAin And SutTering
in Violation of The Eighth Amendment,
where Any RETAliATorally conceivAble
Shu Term has EXPireD, Thus These officials
motivation can only be cAseD AS RETAliAT-
ory.

                                    SubmiTTED:

69c

<u>Addendum</u>

ON November 20 2007, while HospiTALIZED IN The INFIRMARY AT CSP-LAC AN Housed IN AN (ADA) comPLETE Room with GUARD RAILS, I, WAS AGAIN SUBJECTED TO The WONTON MALicious AND SADiSTiCAL INFLiction of cruel And UNUSUAL RETALiATORILY MOTiVATED DeLiberATE indifference To PAin And SufferinG by GePhART, SGT J. frevic/o, And Ali chARGE nurse, who forcefully moved ME from AN INFIRMARY Room with GUARD RAILS, To A Room with-OUT, Thereto once IN The room uPon ATTemPTinG To AmbulATE To The Toilet with my wALker, I, fell To The Ground DefecATinG And uriNATinG on myself, Thereto uPon beinG loAded into A POTTie chair I, WAS wheeled To the Shower, where once cleAned uP, I, WAS medicAlly ASSESSed by DR. GoCKE who Prescribed TyleNol with codeine.

ON November 21, 2007 while confined in The infirmary room without Guard RAILS, I, WAS PHYSICALLY ASSESSED by MR. Gocke, Nurse-PRACTITIONER who Prescribed RobAXIN, TYlenol with codeine And A wheelchair.

ON November 22, 2007, AT The BREAKFAST Meal Serving NURSE LAO PoSed To J. FREY C/O "Why WAS MR. HAMILTON Moved from Room #14 To Room #2 where he needed GUARD RAILS To ASSIST with AmbulATion"

ThereTo C/o FREY Answered: He (HAMILTON) CAN WALK"

NOTE: There Are currently four (4) inmates Who Are (AdA) PATIenTS.

1. Eugene HAMILTON T-33081 currently not ASSIGned To AN (AdA) infirmary Room.

2. Dennis DAUEY, K-55293, currently not ASSIGned To AN (AdA) infirmary Room.

3. Robert EdwARdS, K-15025, currently ASSIGned To AN (AdA) infirmary Room.

4. EdwARd HARReLL, K-79332, currently ASSIGned To AN (AdA) infirmary Room.

66.

<u>NOTE</u>: There are only TWO(2) ADA Handicap
Infirmary Rooms AT CSP-LAC, These
Rooms were RECENTLY equipTED
With TeleVision ANTennAES, ThereTo
The only(ADA) PATIENT Housed in An
(ADA) HanddeCAP Room WAS mYSeLf

However on November 20, 2007
Proceeding SGT, GePhArT, frey
nurse Ali's RETALiATorAlly DiScRimin-
ATiVe removAl of me from The(ADA)
HAnddecap room, MS. Anne mAniA,
ATTorney, federAl moniToR of The
<u>VALDiViA, V.S. SchwArzenegger</u> clAss
LiTiGATion mAde A SuRprise ViSiT
where I mAde them coGnizAnT
of my removAl from The HAndecAP
Room, And All other issues of
mAlTreATmenT, Thus mS. mAniA,
obServed A New(ADA) PARTiciPAnT
MR. Ruben GAxiolA T-13966, who's
UnderGoing TreATmenT for SQuAmous
cell cArcinomA of HeAd And neck (cAncer)
Housed in Room 18, ThereTo uPon
being cAuGhT Red hAnded The
federAl moniTor's being EScoRTEd
by MR. WoffoRd, ASSiciATE WArden
HeAlTh cAre Services, mAndATEd
I, or AnoTher (ADA)HAndDecARed
inmATE be ASSiGned To The room i

Thus in Another open Handed RETALiATORALLY MOTIVATED DISCRIMINATORY MOVE, IN AN ATTEMPT TO SPITE ME. SGT. GePHART, C/O Frey, NURSE Ali, ASSOCIATE WARDEN Wofford, ConSPired To Move MR. Edward Harrell K-79332 INTO The (AdA) HANDICAP ROOM!

NOTE: The RETALiATORALLY MOTIVATED DISCRIMIN-ATORY NATURE of SGT. GePHART, C/O Frey, NURSE Ali, ASSOCIATE WARDEN Wofford, of SPITENING me To move MR. Harrell INTO The (AdA) HAnd DECAPED Room IS dePicTEd where, MR. Harrell, who's underGoing TreatmenT for MYASTHENIA GRAVIS, HTN, HYPerThyroidiSm where he's been HOSpiTALized IN The infirmary, SINCE MARCH 23, 2006, where he's only been ASSIGned To AN (AdA) Room AT his own will!

ON November 25, 2007, I. SubmiTTEd DirecTly To MR. F.B. HAWS. AcTING WARDEN AN CDCR-1824 COMPLAINT AGAINST GePHART, SGT. J. Frey C/O, Ali, charge NURSE, Alleging The WonTon MALiCious And SAdISTICAL infliction of cruel And unusual RETALiATORALLY MOTIVATED Deliberate indifference To MY PAIN And SufferinG.

MS. Cruz,

Because The Law is clearly Established Prohibiting The conditions I've been, And continue to be Maltreated under, I'm compelled To confabulate with You in hope That My Ad-Seg Placement from The July 19,2006 Affair Does'nt Cloud Your views As it has others, Thus The voluminus Exhibits And The memorandum being Placed at Your DISPOSAL for Perusal, Should compell The conclusion My Present Housing STATUS not medical IS but Exaggerated Excessive And Totally Punitive, Thereto I, write To you in Such A long hand, So Perhaps Your conduct in Allegedly obtaining My medical Transfer won't be Depicted To have not PASSed Constitutional muster, but Then I've only been lying in bed Sixteen(16) months, And Transferred To Four(4) Different Prisons.'

DATEd:          2007   Respectfully Submitted:

E. Hamilton

Eugene Hamilton in Pro-Se

69.

To: MS Annie MANIA

From: MR, Eugene HAMilton T-33081 P.o. Box
         4670 1N4 14 LANCASTER CA 93539

SubJecT: RetuRN To wheelchair Accessible
CTC Room, AT LANCASTER PRison,
And RetaliatoRAlly DISCRiMiNative
PuNitive Ad-SEG Shu confinement

MS, MANia
Hello AGAiN, on November 28, 2007,
I was while HospiTalized iN the CTC
AT LANCASTER PRison, Returned To
A wheelchair Accessible CTC Room
upon being ClASSiFied. DPW, by
DoctoRS Gocke, And FiNANder, due
To A fall iN The woNl wheelchair
Accessible cell, (see Addendum 1.)

MS, MANiA, Also on December 6 2007,
while HospiTalized iN The CTC, I
was whepled To The Ad-Seg Housing
uNiT, where I AppeaRed before A
RetaliatoRAlly motivated DiscRimiN
ATive ClASSiFicATion committee, who
ASSessed me AN EighTeeN (18) moNth
SecuRiTy Housing uNiT (Shu) Term
which culmiNated fRom my being
The victim of A RaciAlly motivated
ASSAult And BATteM (See Exhibit 14)
And Addendum 1.

MS. MANíAí ALSO for what iTS worth I'll be Submitting AN (ADA) COMPlAiNT TO ACTiNG WARDEN HAWS, but I HAVE GRAVE doubTS About The COMPlAiNT beiNG filed or Processed becAuSe, MR. HAWS AND his AdmiNiSTRATiON iN The PAST hAVE opeN hANded "RETAliATORily Refused To PROVide me The C.DCR-1886 clASSificATiON chrono deNoTiNG whAT ACTioN The COMMiTTEE Took í

ALSO I hAVE eVeRY iNTENTioN of coNTACTiNG The F.B.í About beiNG ATTACKEd ANd chARGEd

I'M ALSO iN The Process of seNdiNG MR. NdAí A (70) PAGe memORANdum ANd EXhibiTS.

THiS SAid MS. MANíA THANK you veRY much for your AVAilMENT.

DATEd: Dec 6, 2007

RESPECTfully

E. Hamilton

<u>Addendum</u>
<u>II.</u>

ON December 6, 2007, while HOSPITALIZED in The CTC Infirmary AT LANCASTER Prison, I WAS TAKEN TO AN I.C.C. Before A MR. NIPPER, ACTING ASSOCIATE warden, MS. K. CRUZ, C&PR, V. Powers, CC11, where These Prison officials, RETALIATORALLY imposed AN 18 Month Shu Term AGAINST me Allegedly for "ASSAULT ON A NON INMATE WITH PHYSICAL force INSUFFICIENT TO CAUSE serious INJURY"

The Absurd Thing About being RETALIATORALLY confined in Shu, Allegedly for The MARCH 10, 2007, ASSAULT ON STAFF, is I've never been ISSUED A DISCIPLINARY VIOLATION Report, or APPEARED AT A disciplinary Hearing Concerning SAID offense.

THUS INSTEAD of being TRANSFERRED TO The Acute CARE medical FACILITY AT SATF AT CORCORAN, CALIF or The CALIFO Medical FACILITY AT VACCA ville CALIF, I'm being RETALIATORALLY confined in Shu AT CORCORAN CALIF, further being (See Exhibit 16)

Subjected To Retaliatorally motivated wonton
Deliberate indifference To pain And suffering,
premised upon my (AdA) complaints Against
R. MIRA, LT. C. fortson CAPT, V. powers, CC 11,
MR. downs, Associate. warden, c. chestnut C/o

NOTE: From The Retaliatorain motivated
    Shu Term of 18 months, These
    officials established A Release
    date From Shu of April 25, 2008.

    I've been Assigned And confined
    Ad-Seg Shu STATUS since July 18,
    2006, or 17 months.

    CCR Title 15.3341.5 STATES from
    An 18 month Shu Term An individual
    would be confined in Shu 13 months
    And 15 days.

    Thus without Anyone utilizing Their
    inner. Genius you can disearn These prison
    officials are Retaliating Against me,
    All The while endangering my Health.
    Thereto, MR. Morris I'm imploring you
    To please Save my life.
    Dated: December 6  2007  Respectfully
                    E. Hamilton

# ACKNOWLEDGEMENT OF MAILING

I   (A) _E. HAMILTON_ , am a resident of California State Prison-Los Angeles
County (LAC) at Lancaster, County of Los Angeles, California, and I am at least 18 years of age. My
mailing address is California State Prison-Los Angeles County, Facility_____, Bldg. _1N4_ ,
Bed____, P. O. Box _4670_ , Lancaster, California 93539.

On (B)  _DEC 13,_  , 20 _07_ , I mailed a true and correct copy of the following
document (s); *(YOU DO NOT HAVE TO GO INTO DETAIL ABOUT THE DOCUMENTS)*

_Memorandum of Retaliatorially, Discriminative_
_Protracted Administrative Punitive confinement,_
_Devoid of Therapeutic or Penological Justification_

On each party listed below by placing it in an envelope, with adequate postage or provided, and by
depositing said envelope in a box for the United States Mail at LAC, 44750 60th Street West
Lancaster, California 93536.

This copy is being mailed to (D): _MR. T. Nolan, Federal (ADA) Monitor_
_MR. David Morris, Federal Bureau of investigation_
_F.B.I_

I have mailed additional copies to (D): _The Honorable Thelton Henderson_
_Judge, MR. J. Tipton, Dir of Corrections_
_MR. John Hagar, Att at law, Special Master_
There is regular delivery service by the United States Mail between the above place of mailing and
the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated (E): _December 13,_ , 20 _07_ , at Lancaster, California 93536.

Signed: _E. Hamilton_ , CDC#: _T-33081_

**Revised January 19, 2005**

| LAC MAILROOM ACKNOWLEDGEMENT OF MAILING |
|---|
| DATED: _____ |
| SIGNED: _____ |

To: MR. DAVID MORR B. federal Bureau of Investigation

FROM: MR. Eugene HAMilTON T-33081, P.o. Box 4670
LANCASTER CAliF 93539

Subject: RACIAlly MOTIVATED RETAliATORY ASSAULT
AND BATTERY, culminATING in Physical
INJURY & RETAliATORAily DISCRIMINATIVE
PROTrACTED AdminISTRATIVE Punitive
Confinement devoid of TherAPeuTic or
Penological JUSTificATion

DEAR MR. MORRIS
The ATTACHed corPus of evidence is
being Presented for your PerusAl,
which dePicTS open ended constitutional
ViolATions of my rights, PursuANT TO
18 USCA 1512 (5), 242, 371, Thereto I,
resPectfully PETITion You To Please
INVESTIGATE The Same Life Threatening
ActionS.

DATed: Dec 13, 2007 RespectFully Requested:
E. Hamilton
Eugene HAMilTon in Pro-Se



047J82008168
$05.700
12/17/2007
Mailed From 93536
US POSTAGE

UNITED STATES DISTRICT COURT

MR. EuGene HAMilToN T-33270,
P.O. Box 4670, 104 19  T-336 1
LANCASTER CALIF 9—

MR. THElToN E, HeNDERSoN JUDGE
450 GoLDEN GATE  AVE
SAN FRANCISCO CALIF 94102

"CoNFIDENTIAL LEGAL MAIL"